UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL J. DENNIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-150-JMS-WGH |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Striking Claim for Injunctive Relief in Habeas Petition and
Directing filing of Amended Petition for Writ of Habeas Corpus**

Petitioner Michael Dennis has filed a petition for writ of habeas corpus. He seeks both his release from confinement based on his 2013 conviction in an Indiana state court for intimidation and injunctive relief as to the Indiana Department of Correction's failure to provide adequate legal assistance to prison mental health patients.

**I.**

**A.**

Dennis shall have **through June 20, 2014,** in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

**B.**

The petitioner's custodian, named in his official capacity only, is **substituted** as the respondent in this action. All of the co-respondents named in the petition are **stricken**.

**II.**

Dennis' petition sits on the interstices between the Civil Rights Act and a petition for writ of habeas corpus. *Holsey v. Bass*, 519 F. Supp. 395, 399 (D.Md. 1981), *aff'd sub nom. Todd v.*

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). His challenge to the condition of his confinement does not fall within the "core of habeas." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983.")

### III.

#### A.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Dennis' habeas petition is infused with awkward and confused verbiage. This problem is compounded with the fact that notice pleading does not suffice in an action for habeas corpus relief. *See Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002).

#### B.

Dennis will be permitted another opportunity to submit a filing which is sufficient. To be sufficient, Dennis must identify the cause of his restraint with the scope of interests which can be vindicated through the habeas corpus statute and must sufficiently identify both a legal and factual basis supporting his claim for relief from that restraint.

Dennis shall have through **June 20, 2014**, in which to **file an amended petition for a writ of habeas corpus.** The amended petition shall:

- **Set forth all the claims** he intends to present to and the basis for each. *See Mayle v. Felix,* 545 U.S. 644, 661 (2005) ("Habeas Corpus Rule 2(c) . . . instructs petitioners to 'specify all available grounds for relief' and to 'state the facts supporting each ground.'").

By Aclaims@ it is meant the recognized principles of law which, as applied to the facts and circumstances of his custody, show that his custody is unlawful as violative of his rights.

- Pursuant to 28 U.S.C. ' 2254(d)(1), **identify** with respect to each of his claims in what sense, if any, the state court's adjudication (i) resulted in a decision that was contrary to clearly established Federal Law, as determined by the Supreme Court of the United States or (ii) resulted in a decision which was an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States. The petitioner shall also, pursuant to 28 U.S.C. ' 2254(d)(2), identify with respect to each of his claims, in what sense the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

- **Explain** as to any claim which has not previously been presented to the Indiana Courts, what circumstances exist permitting him to present the claim to federal court in an action for habeas corpus without having previously presented the claim to the Indiana state courts.

**IT IS SO ORDERED.**

Date: 06/03/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael J. Dennis
DOC #861913
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135